IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DESTRY EARL THOMAS,<br>Petitioner, | §<br>§<br>§ | |
| v. | § | Civil Action No. H-07-4447 |
| NATHANIEL QUARTERMAN,<br>Respondent. | §<br>§<br>§<br>§ | |

**ORDER ON DISMISSAL**

Destry Earl Thomas, a state inmate, files this habeas petition under 28 U.S.C. § 2254 challenging his 2004 convictions for possession of a controlled substance. Based on the Court's consideration of the pleadings, matters of public record, and the applicable law, this action is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust.

A jury found petitioner guilty of two counts of possession of a controlled substance, namely cocaine. Finding "true" to two enhancement paragraphs, the jury assessed punishment for the two counts at twenty and fifty years incarceration. The convictions were affirmed on appeal. *Thomas v. State*, 2006 WL 1624393 (Tex. App.– Dallas 2006, pet. ref'd) (not designated for publication). The Texas Court of Criminal Appeals refused discretionary review.

Petitioner reports that he did not file an application for state habeas relief, and none appears in the public records for the Texas Court of Criminal Appeals. A review of petitioner's grounds raised on direct appeal and those presented in the instant petition reveals

that the merits of petitioner's habeas claims have not been fairly presented to the highest state court of Texas, and are unexhausted. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); 28 U.S.C. §§ 2254(b), (c). In particular, petitioner's claims for ineffective assistance of counsel have not been presented to the state's highest court of criminal jurisdiction and remain unexhausted. Accordingly, petitioner has filed a "mixed" petition containing both exhausted and unexhausted claims. *See Alexander v. Johnson*, 163 F.3d 906, 908 (5th Cir. 1998). It is well established that a mixed habeas corpus petition generally must be dismissed without prejudice. *Alexander*, 163 F.3d at 908; 28 U.S.C. § 2254(b)(1) (B). Because the interests of comity are best served in this case by Texas courts having an opportunity to consider petitioner's ineffective assistance of counsel claim, his mixed petition is subject to dismissal for failure to exhaust all state remedies as required under 28 U.S.C. § 2254. *See Alexander*, 163 F.3d at 909.

Accordingly, this case is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 2nd day of January, 2008.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE